# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

MICHAEL S. ELKINS,

      Plaintiff,

      v.                                 Case No. 02-C-699

DANIEL BERTRAND,
WENDY BRUNS,
GLEN RIPLEY,
ELIZABETH LEMERY,
CAPTAIN NATSKI,
TINA COUTLEY, and
TERRY LISCHKA,

      Defendants.

ORDER DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION
(DOC. #216)

On March 8, 2005, the court granted summary judgment dismissing the plaintiff's pro se civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff has asked this court to reconsider that decision pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure make no mention of a "motion for reconsideration." There are, however, Rules 59(e) and 60(b). The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motion filed more than ten days after the entry of judgment are evaluated under Rule 60. *Id*. A "substantive" motion is one "that if granted would result in a

substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *Id*. (internal quotation marks and citation omitted).

Here, despite its label as a motion under Rule 60(b), the plaintiff's motion is regarded as a Rule 59(e) motion because it was filed less than ten days after the entry of judgment and would result in a substantive change in the judgment. *Britton,* 127 F.3d at 618. A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. *Cosgrove v. Bartoletta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Moro v. Shell Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Ordinarily, Rule 59(e) motions are not vehicles for introducing new evidence or advancing arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co*. 827 F.2d 246, 251 (7th Cir. 1987).

Although the instant motion is comprehensive, plaintiff's argument regarding exhaustion is the only one which falls within the purview of Rule 59(e). His other arguments do not present any newly discovered evidence, point to an intervening change in the controlling law, or indicate a manifest error of law. Therefore, those arguments will not be addressed further.

As to exhaustion, that plaintiff contends that there have been "errors within the court's understanding of Wisconsin DOC inmate complaint procedures" thus leading the court to incorrectly reject several of the plaintiff's claims as not properly exhausted.

(Plaintiff's Motion of Reconsideration, Docket #216, at 1). This order will address that claim.

Exhaustion

The plaintiff argues that the court has made several errors in considering whether or not he exhausted his claims prior to filing his § 1983 suit. First of all, the plaintiff contends that prior to December 2002, a rejected inmate complaint was deemed exhausted according to Wis. Admin. Code § DOC 310.13(3). He states that because all issues raised by his complaint took place between April 9, 2001, and December 2, 2002, any "rejected" complaints which were not appealed should still have been considered exhausted.

However, the plaintiff's contention that the changes enacted in the Wisconsin Administrative Code sections governing complaint procedures in late 2002 materially affected the treatment of rejected complaints is incorrect. The regulation in place from April 1998 until November 2002 does indeed say "[t]he CCE may not review a complaint rejected under s. DOC 310.11(4)." Wis. Admin. Code § DOC 310.13(4) (April 1998) (current version at Wis. Admin. Code § DOC 310.13(3)). Similarly, the current regulation, enacted in November of 2002, states that "[t]he CCE shall not review a rejected complaint." Wis. Admin. Code § DOC 310.13(3). Nevertheless, the section in force from April of 1998 to November of 2002 also made clear that

> The ICE may reject a complaint that the ICE determines to be frivolous. An inmate may appeal a rejected complaint because the ICE has determined it to be frivolous only to the appropriate reviewing authority...

Wis. Admin. Code § DOC 310.11(4) (April 1998) (current version at Wis. Admin. Code § DOC 310.11(6)). (*Compare* with the current language of Wis. Admin. Code § DOC 310.11,

which states "An inmate may appeal a rejected complaint within 10 calendar days only to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint. The reviewing authority's decision is final." Wis. Admin. Code § DOC 310.11(6)). As the plaintiff does not argue that he appealed his rejected complaints to the appropriate authority, the court's determination that he failed to exhaust his administrative remedies regarding his rejected complaints is unchanged.

Secondly, the plaintiff argues that inmate complaints that were considered to have been filed in an untimely manner *could* have been accepted, and that the defendants' argument that his complaints contained more than one issue is an example of the defendants' abuse of discretion. However, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry* 286 F.3d 1022, 1025 (7th Cir. 2002). The plaintiff's failure to follow the prison's administrative rules for filing complaints means that this argument is unavailing.

Based on the foregoing, the court will deny the plaintiff's motion for reconsideration. Therefore,

IT IS ORDERED that the plaintiff's motion for reconsideration (Doc. #216) is denied.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge